PER CURIAM:
Claimants brought this action for vehicle damage and property damage which occurred when a tree fell onto their property adjacent to Long Run/Greenwood Road, in Greenwood, Doddridge County. Long Run/Greenwood Road is a road maintained by respondent. The Court is of the opinion to deny the claim for the reasons more fully stated below.
The incident giving rise to this claim occurred the morning of September 27, 2005, a clear and calm day. Long Run/Greenwood Road is a two-lane highway at the area of the incident involved in this claim. James Robinson testified that a tree that was on both his property and respondent’s right of way fell and damaged two of their vehicles, a jungle gym, and a trampoline. He stated that the tree appeared to be a live tree prior to falling. Mr. Robinson testified that it was only after the tree fell over that it was discovered that the tree was decayed on the inside. Claimants’ home owners insurance deductible was $500.00 and the vehicle’s insurance deductibles were $50.00.
The position of the respondent is that it did not have actual or constructive notice of the condition on Long Run/Greenwood Road at the site of the claimant’s accident for the date in question. Charles Richards, Highway Administrator for respondent in Dodridge County, testified that he had no information about the tree that fell onto claimants’ property prior to the incident. Mr. Richards stated that the tree was on the edge of respondent’s right of way and that it appeared to be a live tree prior to falling.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins vs. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). The general rule of this Court with regard to tree fall claims is that if a tree is dead and poses an apparent risk, then the respondent may be held liable. However, when an apparently healthy tree falls and causes property damage as a result of a storm, the Court has held that there is insufficient evidence of negligence upon which to justify an award. Wiles vs. Division of Highways, 22 Ct. Cl. 170 (1998); Gerritsen vs. Dept. of Highways, 16 Ct. Cl. 85 (1986).
In the instant case, the Com! is of the opinion that respondent had no notice that the tree at issue posed an apparent risk to the public. The evidence adduced at the hearing established that the tree appeared to be a healthy tree. Neither claimants nor respondent had reason to believe that the tree was in danger of falling. Thus, the claimants may not make a recovery for their loss in this claim.
In view of the foregoing, the Court is of the opinion to and does deny this claim.
Claim disallowed.